IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARLAN BRADLEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | CIV. A. NO. 23-470-CG-MU |
| | ) | |
| vs. | ) | |
| | ) | CRIM. NO. 18-10-CG-MU |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This cause is before the undersigned on Petitioner Harlan Bradley Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 88). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the instant motion be dismissed with prejudice due to Bradley's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

**I. Analysis**

**A. Background**

The record reflects that Bradley was convicted on April 11, 2018, after a trial by jury and sentenced on August 3, 2018. (Docs. 43 and 51). Thereafter, he filed an appeal with the United States Court of Appeals for the Eleventh Circuit (Doc. 53) that was later voluntarily dismissed (Doc. 59). On January 22, 2019, Bradley filed a Motion to Vacate pursuant to 28 U.S.C § 2255 (Doc. 61), which was ultimately denied (Doc. 80). This Court's Order denying Bradley's motion to vacate additionally denied him a Certificate of Appealability. (*Id.*)

Bradley's current request is the fourth in a string of similar filings. The first filing requested a form to file a second or successive motion to vacate (Doc. 81), which was granted and which instructed Bradley to the file completed application with the Eleventh Circuit Court of Appeals (Doc. 82). The second request was construed as a second or successive § 2255 motion to vacate (Doc. 84), which was denied for lack of jurisdiction as the Court of Appeals had not granted Bradley permission to file a second or successive petition (Doc. 85). The third request asked this Court to provide Bradley with a Certificate of Appealability (Doc. 86), which was construed as successive § 2255 motion to vacate and was again denied for lack of jurisdiction (Doc. 87). Bradley's current request (Doc. 88) is now also construed as successive § 2255 motion to vacate because a plain reading of the request indicates that Bradley is again seeking to have his conviction and sentence vacated.[1]

**B. Successive Motion**

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion ...." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a

---

[1] While Bradley has noted "821 3582(c)(2)" at the top of his filing (Doc. 88, PageID.688), presumably indicating a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), the undersigned finds that this filing is similar to his previous filings (Docs. 84 and 86) asserting that his conviction should be vacated in light of new evidence, i.e. that one of the investigators of his crime has since been arrested for a number of crimes, and because the Government failed to meet its burden of proof at trial. Accordingly, the Court construes this filing as a successive § 2255 motion to vacate and not as a motion for sentence reduction.

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion.").

"Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization of the court of appeals."). As there is no indication in the record that the Eleventh Circuit Court of Appeals has granted Bradley leave to bring his present, successive § 2255 motion, this Court lacks jurisdiction to consider its merits. Accordingly, Bradley's present § 2255 motion (Doc. 88) is due to be **DISMISSED without prejudice** for lack of jurisdiction.

## C. Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

**D. Appeal *In Forma Pauperis***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Bradley's present § 2255 motion is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court certify that any appeal by Bradley of the dismissal of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[2]

## II. Conclusion & Recommendation

In accordance with the foregoing analysis, it is **RECOMMENDED** that Bradley's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 88) be

---

[2] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

4

**DISMISSED without prejudice** for lack of jurisdiction, and that the Court find Bradley not entitled to proceed *in forma pauperis* on any appeal of that dismissal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **June, 2024**.

s/P. Bradley Murray  
UNITED STATES MAGISTRATE JUDGE

5